**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHANTAY HEAVEN, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-04754 |
| Plaintiff, | Hon. Nitza I. Quiñones Alejandro |
| v. | |
| PRIME HYDRATION LLC, | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO REMAND AND FOR FEES AND COSTS**

Dated: September 19, 2024

**ATLEE HALL, LLP**
Mark C. Atlee (PA No. 204627)
415 North Duke Street
Lancaster, PA 17602
Telephone: (717) 393-9596
Facsimile:  (717) 393-2138
E-mail: mcatlee@atleehall.com

**BURSOR & FISHER, P.A.**
Alec M. Leslie (*pro hac vice* forthcoming)
Max S. Roberts (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: aleslie@bursor.com
          mroberts@bursor.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ................................................................................................................................2

I.      BECAUSE DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THIS COURT POSSESSES SUBJECT MATTER JURISDICTION, THIS MATTER MUST BE REMANDED TO THE COURT OF COMMON PLEAS AND THE COURT SHOULD AWARD PLAINTIFF HER FEES AND COSTS ............................. 2

      A.      The Court Should Remand This Action To The Court Of Common Pleas ........................................................................................................... 2

      B.      The Court Should Award Plaintiff Her Reasonable Fees And Costs Associated With This Motion ................................................................. 4

CONCLUSION..............................................................................................................................6

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Barnes v. ARYZTA, LLC*,
  288 F. Supp. 3d 834 (N.D. Ill. 2017) ................................................................................. 3

*Black v. Main Street Acquisition Corp.*,
  2013 WL 1295854 (N.D.N.Y. Mar. 27, 2013) ................................................................... 4

*Collier v. SP Plus Corp.*,
  889 F.3d 894 (7th Cir. 2018) ..................................................................................... 3, 4, 6

*Cumberland Cnty. v. Chemours Co.*,
  608 F. Supp. 3d 294 (E.D.N.C. 2022) .............................................................................. 4

*Hamilton v. Bromley*,
  862 F.3d 329 (3d Cir. 2017) .......................................................................................... 3, 6

*League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*,
  921 F.3d 378 (3d Cir. 2019) .......................................................................................... 4, 5

*Lewis v. Alexander*,
  685 F.3d 325 (3d Cir. 2012) ............................................................................................. 2

*Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human*,
  876 F.2d 1051 (1st Cir. 1989) ........................................................................................... 4

*Mocek v. Allsaints USA Ltd.*,
  220 F. Supp. 3d 910 (N.D. Ill. 2016) ............................................................................ 2, 5

*Pires v. Heller*,
  2004 WL 2711075 (S.D.N.Y. Nov. 24, 2004) .................................................................. 3

*Sabric v. Martin*,
  2009 WL 3769983 (M.D. Pa. Nov. 10, 2009) ............................................................... 2, 3

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ....................................................................................................... 1, 2

*Zanotti v. Invention Submission Corp.*,
  2020 WL 2857304 (S.D.N.Y. June 2, 2020) ..................................................................... 4

**STATUTES**

18 Pa. Cons. Stat. § 5701 ................................................................................................... 1

28 U.S.C. § 1441(a) ........................................................................................................... 1

28 U.S.C. § 1441............................................................................................................... 5

28 U.S.C. § 1446............................................................................................................... 1

28 U.S.C. § 1447............................................................................................................... 4

28 U.S.C. § 1447(c) ................................................................................................... Passim

**RULES**

Fed. R. Civ. P. 11 ............................................................................................................. 1

Plaintiff Shantay Heaven ("Plaintiff") respectfully submits this Memorandum of Law In Support of Her Motion To Remand And For Fees And Costs pursuant to 28 U.S.C. § 1447(c).

## INTRODUCTION

On August 9, 2024, Plaintiff filed the instant action in the Court of Common Pleas for Philadelphia County, Pennsylvania, alleging Defendant Prime Hydration LLC ("Defendant") violated Pennsylvania's Wiretapping and Electronic Surveillance Act, 18 Pa. Cons. Stat. §§ 5701, *et seq.* (the "WESCA"). *See generally* ECF No. 1-1 (the "Complaint" or "Compl."). On September 9, 2024, Defendant removed the instant action to this Court pursuant to 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." As this Court is well aware, "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (cleaned up). So, one would think that implicit in Defendant's notice of removal is an understanding that the Court possesses subject matter jurisdiction over this action because Plaintiff has Article III standing to sue. Otherwise, how could this action properly be removed to federal court?

Yet according to Defendant, this action was *not* properly removed. That is because, despite filing a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure" (28 U.S.C. § 1446) contending removal was proper, Defendant has now moved to dismiss Plaintiff's Complaint for lack of Article III standing. Motion to Dismiss ("MTD") at 13-19. This argument contradicts Defendant's notice of removal. Either removal was proper because Plaintiff has Article III standing, or it was improper because Plaintiff lacks it. Defendant cannot "have it

1

both ways." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016).

Accordingly, Plaintiff respectfully requests, pursuant to 28 U.S.C. § 1447(c), that the Court remand this action to the Court of Common Pleas based on Defendant's failure to demonstrate that this Court has subject matter jurisdiction to hear this action. *See Sabric v. Martin*, 2009 WL 3769983, at *1 (M.D. Pa. Nov. 10, 2009) ("Whether removal is appropriate is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction.") (cleaned up). In addition, Plaintiff requests an Order awarding her counsel all costs and expenses, including attorneys' fees, incurred as a result of the improper removal. 28 U.S.C. § 1447(c).

## ARGUMENT

I.    **BECAUSE DEFENDANT HAS NOT MET ITS BURDEN TO SHOW THIS COURT POSSESSES SUBJECT MATTER JURISDICTION, THIS MATTER MUST BE REMANDED TO THE COURT OF COMMON PLEAS AND THE COURT SHOULD AWARD PLAINTIFF HER FEES AND COSTS**

A.    **The Court Should Remand This Action To The Court Of Common Pleas**

Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion*, 594 U.S. at 423 (2021). "Constitutional standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lewis v. Alexander*, 685 F.3d 325, 338 (3d Cir. 2012) (cleaned up). If Plaintiff lacks standing to sue, then the Court cannot hear her case because there is no "case" in the legal sense to be heard. *See TransUnion*, 594 U.S. at 423 ("Under Article III, federal courts do not adjudicate hypothetical or abstract disputes."). Thus, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Lewis*, 685 F.3d at 338 (cleaned up).

Further, "federal courts have an independent obligation to determine whether subject-matter jurisdiction exists," for which "Article III jurisdiction is always an antecedent question." *Hamilton v. Bromley*, 862 F.3d 329, 334 (3d Cir. 2017) (cleaned up).  Thus, the Court cannot just accept Defendant's notice of removal as a concession that there is Article III standing.  The Court must evaluate Article III standing for itself.

Here, because Defendant removed this action to this Court, Defendant is the party invoking federal jurisdiction, and thus bears the burden of establishing Plaintiff's standing to sue.  *See Sabric*, 2009 WL 3769983, at *1 ("Whether removal is appropriate is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction.") (cleaned up); *see also Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal."); *Pires v. Heller*, 2004 WL 2711075, at *3 (S.D.N.Y. Nov. 24, 2004) ("[I]t is *Defendants'* burden to establish the existence of federal subject matter jurisdiction upon removal, not the Plaintiff.") (emphasis in original).

Defendant does not even *attempt* to meet this burden.  Instead, Defendant argues the exact opposite.  MTD at 13 ("Plaintiff's allegation that Prime violated WESCA does not establish an injury in fact sufficient to confer Article III standing.").  That is improper.  *See Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017) (noting, in context of CAFA case removed from state court where removing party later challenged Article III standing, that "[t]o say that a court is without jurisdiction to decide a case on its merits [yet] has jurisdiction merely to remove the case is to state a contradiction.").  Accordingly, because Defendant has shirked its burden to establish federal subject matter jurisdiction, this matter must be remanded to the Court of

3

Common Pleas pursuant to 28 U.S.C. § 1447. *Collier*, 889 F.3d at 895 (7th Cir. 2018) (holding

"the case was not removable, because the plaintiffs lack Article III standing—negating federal

subject-matter jurisdiction" and "remand[ing] for the district court to return the case to state

court"); *Cumberland Cnty. v. Chemours Co.*, 608 F. Supp. 3d 294, 297 (E.D.N.C. 2022)

("Defendants cannot use the bare requirements of section 1332 to get a foot in the door of a

federal court and thereby obtain a clean slate on which to seek dismissal for lack of subject-matter

jurisdiction."); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of

Human Res.*, 876 F.2d 1051, 1053-54 (1st Cir. 1989) (concluding § 1447(c) requires district court

to remand, not dismiss, for lack of standing); *Black v. Main Street Acquisition Corp.*, 2013 WL

1295854, at *1 (N.D.N.Y. Mar. 27, 2013) ("[B]ecause no party shoulders the burden of proving

jurisdiction, the Court finds that it lacks subject-matter jurisdiction to hear this case."); *Zanotti v.

Invention Submission Corp.*, 2020 WL 2857304, at *7 (S.D.N.Y. June 2, 2020) ("[T]here is

persuasive authority in this Circuit and elsewhere that where no party shoulders the burden of

proving jurisdiction in a case removed from state court, remand is the appropriate remedy without

further analysis.")

### B.     The Court Should Award Plaintiff Her Reasonable Fees And Costs Associated With This Motion

The Court should award Plaintiff "costs and any actual expenses, including attorney fees,

incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is proper "where the

removing party lacked an objectively reasonable basis for seeking removal." *League of Women

Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019).

This standard was put in place to "deter removals sought for the purpose of prolonging litigation

and imposing costs on the opposing party, while not undermining Congress' basic decision to

afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."

4

*Id.* (cleaned up).

*Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910 (N.D. Ill. 2016), is instructive.  In that

case "Defendant removed the case under 28 U.S.C. § 1441, asserting federal subject matter and

diversity jurisdiction.  One month later, without alleging any change in circumstances bearing on

jurisdiction, defendant moved to dismiss the case" for lack of standing.  *Id.* at 911.  First, the

court found the plaintiff lacked standing, and additionally noted if "Article III standing" was

"unsettled …  with cases from various jurisdictions coming to disparate conclusions and no

controlling authority on point," "any doubt regarding jurisdiction should be resolved in favor of

the states."  *Id.* at 913.  Second, the court awarded plaintiff's fees and costs, noting:

> To be clear, there is no question that if defendant wished to litigate
> the merits of plaintiff's federal claim in a federal forum, it was free
> to remove the case and seek to establish federal jurisdiction,
> regardless of whether I may ultimately have concluded that plaintiff
> lacked standing [].  But defendant did not pursue that avenue.
> Instead, defendant tried to have it both ways by asserting, then
> immediately disavowing, federal jurisdiction, apparently in hopes of
> achieving outright dismissal, with prejudice, rather than the remand
> required by § 1447(c).
> …
>
> Under these circumstances, I have no trouble concluding that
> defendant lacked an objectively reasonable basis for seeking
> removal.

*Id.* at 914-15 (cleaned up).

Like the defendant in *Mocek*, Defendant seeks "to have it both ways."  It is clear that

Defendant does not believe and *never* believed this Court possessed subject matter jurisdiction to

begin with.  On the contrary, Defendant argues "Plaintiff … has not pled allegations of having

suffered a concrete harm resulting from her visit to Prime's website, *nor can she under*

*Pennsylvania precedent*."  MTD at 14-15 (emphasis added).  In other words, Defendant argues

Pennsylvania law categorically bars Plaintiff's claims from proceeding in federal court.  And,

like the defendant in *Mocek*, Defendant here is seeking a dismissal of Plaintiff's claims with prejudice.  MTD at 1.[1]

Further, while the explicit basis for Defendant's removal was that CAFA was satisfied, this does not absolve Defendant of showing that Article III standing exists, as "Article III jurisdiction is always an antecedent question." *Hamilton*, 862 F.3d at 334 (cleaned up); *see also Collier*, 889 F.3d at 896 ("[R]eliance on the phrase 'original jurisdiction' is not enough, because federal courts have subject-matter jurisdiction only if constitutional standing requirements also are satisfied.").

Thus, per Defendant's own arguments in its MTD, it lacked an objectively reasonable basis to remove this action to this Court.  And, as a result of its "dubious strategy," Defendant has caused "a significant waste of federal judicial resources, much of which was avoidable." *Collier*, 889 F.3d at 897.  Accordingly, the Court should award Plaintiff her fees and costs incurred as a result of the removal.  Plaintiff will submit her counsel's time and expense records should the Court agree to remand this action and grant Plaintiff's request for reasonable fees and costs associated with this motion.

<u>**CONCLUSION**</u>

For the foregoing reasons, and pursuant to 28 U.S.C. § 1447(c), Plaintiff respectfully requests that this Court grant Plaintiff's Motion in full, remand this action to the Court of Common Pleas of Philadelphia County, Pennsylvania, and award Plaintiff her reasonable fees and costs incurred as a result of the removal.

Dated: September 19, 2024                          Respectfully submitted,

---

[1] It strains credulity that Defendant was unaware of this "Pennsylvania precedent" at the time it removed this action, yet became aware of it seven days later when it filed the MTD.  Either this is true and Defendant's counsel failed to conduct adequate research before removing this action, or, more likely, Defendant's counsel was fully aware of this precedent and removed in spite of it.

6

By: */s/ Mark C. Atlee*
      Mark C. Atlee

**ATLEE HALL, LLP**
Mark C. Atlee (PA No. 204627)
415 North Duke Street
Lancaster, PA 17602
Telephone: (717) 393-9596
Facsimile:  (717) 393-2138
E-mail: mcatlee@atleehall.com

**BURSOR & FISHER, P.A.**
Alec M. Leslie (*pro hac vice* forthcoming)
Max S. Roberts (*pro hac vice* forthcoming)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: aleslie@bursor.com
        mroberts@bursor.com

*Attorneys for Plaintiff*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2024, I electronically filed the foregoing document

with the Court's CM/ECF system, which will provide e-mail notice to all counsel of record.

**FROST BROWN TODD LLP**
Tara Hopper Rice
Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, Pennsylvania 15219
trice@fbtlaw.com

By: */s/ Mark C. Atlee*
Mark C. Atlee