**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHANTAY HEAVEN, individually and on behalf of all others similarly situated, | : | CIVIL ACTION NO. |
| Plaintiff, | : | Case No: 2:24-cv-04754 |
| v. | : | |
| PRIME HYDRATION LLC, | : | |
| Defendant. | : | |

**DEFENDANT PRIME HYDRATION LLC'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Prime Hydration LLC ("Prime") requests leave to file the Reply tendered herewith to address the arguments made by the Plaintiff in her Response to Prime's Motion to Dismiss. In support of this request, Prime states:

1. On August 9, 2024, Plaintiff filed its Complaint in the Court of Common Pleas of Pennsylvania – Philadelphia County ("State Court").

2. On September 9, 2024, Prime removed the litigation to this Court pursuant to the Class Action Fairness Act [Dkt. No. 1] and on September 16, 2024, filed a Motion to Dismiss the Complaint [Dkt. No. 5, (the "Motion to Dismiss")].

3. On September 19, 2024, Plaintiff filed a Motion to Remand the litigation to the State Court [Dkt. No. 6, (the "Remand Motion")]. On October 3, 2024, Prime filed a Response in Opposition to the Remand Motion [Dkt. No. 8]. The Remand Motion remains pending.

4. On September 30, 2024, Plaintiff filed a response in Opposition to Prime's Motion to Dismiss asserting, *inter alia*, that (1) Prime is subject to specific jurisdiction of this

Court under the traditional test and application of the *Calder* effects test is inconsequential; (2) utilizing a website's search bar function constitutes "contents of a communication" under WESCA; (3) injury is not necessary to pursue a claim under WESCA; (4) Plaintiff did not consent to the collection of website searches; and (5) Prime has not met its burden of showing that Meta and Google are necessary parties [Dkt. No. 7, (the "Response")].

5. Further, in the Response, Plaintiff has requested to conduct jurisdiction discovery.

6. Reply briefs are appropriate "where a party seeks to respond to an argument raised for the first time by an opposing party." *Gentry v. Sikorsky Aircraft Corp.,* No. CV 18-1326, 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018) (cleaned up).

7. Per Local Court Policies and Procedures, reply briefs are appropriate where necessary to address erroneous claims or to rebut issues or factual assertions not covered by the original submissions.

8. Without a Reply to the Motion to Dismiss, the Court will be left with an erroneous impression of the validity of the arguments and law raised by Plaintiff in her Response. Further, Prime will be unable to address Plaintiff's request for jurisdictional discovery.

9. Under these circumstances, allowing a Reply is both appropriate and necessary.

For the foregoing reasons, Prime Hydration LLC respectfully requests leave to file the Reply tendered herewith.

Respectfully submitted,

Dated: October 14, 2024

*/s/ Tara Hopper Rice*
Tara Hopper Rice
PA ID# 313724

**FROST BROWN TODD LLP**
Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, Pennsylvania 15219
(412) 513-4300 (phone)
(412) 513-4299 (facsimile)
trice@fbtlaw.com

*Attorney for Defendant Prime Hydration LLC*

**CERTIFICATE OF SERVICE**

I, TARA HOPPER RICE, ESQUIRE, certify that on this date, the foregoing Motion for Leave has been filed electronically, and is available for viewing and downloading from the ECF System, has been served via the Court's electronic filing service on all counsel of record, and/or was also served via USPS on the following parties who have not consented to electronic service:

Mark C. Atlee, Esquire
ATLEE HALL, LLP
415 North Duke Street
Lancaster, PA 17602
Mcatlee@atleehall.com

Alec M. Lesile
Max S. Roberts
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
aleslie@bursor.com
mroberts@bursor.com

*Counsel for Plaintiff Shantay Heaven and the Proposed Class*

Dated: October 14, 2024

By: */s/ Tara Hopper Rice*
Tara Hopper Rice

0149492.0788171 4888-9738-8015v1