**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHANTAY HEAVEN, individually and on behalf of all others similarly situated, | : | CIVIL ACTION NO. |
| Plaintiff, | : | Case No: 2:24-cv-04754 |
| v. | : | |
| PRIME HYDRATION LLC, | : | |
| Defendant. | : | |

**SUPPLEMENT TO PRIME HYDRATION LLC'S MOTION TO DISMISS**

Defendant Prime Hydration LLC ("Prime") submits the attached opinion, *Ingrao v. AddShoppers, Inc., et al.*, No. CV 24-1022, 2024 WL 4892514 (E.D. Pa. Nov. 25, 2024) (attached hereto as **Exhibit A**), as supplemental authority in support of Prime's Motion to Dismiss (Dkt. 5) this case based on (1) lack of Article III standing, (2) lack of personal jurisdiction, and (3) failure to state a claim under the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"). The *Ingrao* case involved similar allegations of collection of data through tracking technology and similar allegations of harm by plaintiffs. After full briefing and conducting an extensive hearing on the parties' motions, Judge Slomsky of the Eastern District of Pennsylvania dismissed plaintiffs' claims in their entirety. No notice of appeal has been filed, and the time for appeal has expired.

In *Ingrao*, plaintiffs sued two retailers (Vivint and Nutrisystems), as well as a company called AddShoppers for alleged violations of wiretapping statutes under Pennsylvania and California law. Similar to the allegations in this case, plaintiffs complained that AddShoppers' "marketing program called 'SafeOpt' [] tracks individuals' internet browsing activity, collects

their personal information gleaned from their browsing activity, such as their email addresses, and then uses this information to send them targeted advertisements." *Id.* at *3. Whereas in this case Plaintiff Heaven has not named Facebook/Meta or Google as a party, AddShoppers was included as a defendant in the *Ingrao* case.

The *Ingrao* Court dismissed the plaintiffs' complaint, stating, "this Court joins other courts, including courts in the Third Circuit, that have held that a person's internet browsing activity and email address is not sufficiently sensitive information to support the concrete injury requirement for Article III standing. Second, the Court does not have personal jurisdiction over Defendant AddShoppers because AddShoppers' actions satisfy neither the Calder "effects" test nor the traditional test for specific jurisdiction." *Id.* at *2 (*see* n. 2, collecting cases). "Finally, because Plaintiffs fail to plead both that Defendants intercepted their communications in Pennsylvania, and that Defendants intercepted the contents of their communications, they fail to state a claim under the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA") and the California Invasion of Privacy Act ("CIPA")." *Id.*

***<u>Lack of Article III Standing</u>***

First, the Court determined that the plaintiffs lacked standing to bring claims against the defendants. *See id.* at *7-*8. The district court recognized that for plaintiffs to have standing under Article III, each plaintiff "must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* at *7 (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "For a harm to be "particularized, ... it must affect the plaintiff in a personal and individual way." *Id.* (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). "Central to assessing concreteness is whether the asserted harm has a

'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id*. (quoting *TransUnion*, 594 U.S. at 417). "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id*. However, allegations of a "bare procedural violation, divorced from any concrete harm," are insufficient to establish Article III standing. *Id*. (quoting *Spokeo*, 578 U.S. at 341).

The *Ingrao* Court determined that the harms alleged by plaintiffs did not have a "close relationship to common law privacy torts, which 'necessarily require the information disclosed to be <u>private</u> or <u>personal</u> information.'" *Id*. at *7 (emphasis in original). Relying on multiple cases within the Third Circuit and elsewhere, the *Ingrao* Court explained that plaintiffs' allegations were not sufficient to establish concrete harm required for Article III standing:

> But here, the only information of Plaintiffs that Defendants are alleged to have collected are their internet browsing activities and email addresses. [] And neither internet browsing activity nor email addresses qualify as private or personal information. *See In re BPS Direct, LLC*, 705 F. Supp. 3d 333, 353 (E.D. Pa. 2023) ("[B]rowsing activity is not sufficiently private to establish concrete harm."); *Cook v. GameStop, Inc.*, 689 F. Supp. 3d 58, 66 (W.D. Pa. 2023) (holding the plaintiff's internet browsing activity was not personal information to support Article III standing because, at most, internet browsing information relates to product preferences and "[p]roduct preference information is not personal information"); *I.C. v. Zynga*, Inc., 600 F. Supp. 3d 1034, 1049-50 (N.D. Cal. 2022) (holding the disclosure of "basic contact information, including one's email address" is inadequate to establish Article III standing based on the "insufficient fit between the loss of information alleged here and the common law privacy torts of ... disclosure of private facts and intrusion upon seclusion"); *see also Brignola v. Home Properties, L.P.*, No. 10-3884, 2013 WL 1795336, at *12 (E.D. Pa. Apr. 26, 2013) ("The information alleged to be reported (and included in the exhibits) are Plaintiff's name, address, phone number, etc. These are not private facts actionable for an intrusion upon seclusion claim or publication of private life claim.") Instead, courts have held that personal or private information includes a person's "personal credit card, financial, bank account or medical information." *BPS Direct*, 705 F. Supp. 3d at 340.

*Id*. at *8. The *Ingrao* Court further rejected plaintiffs' arguments that the defendants were 'capable of' or 'might be' collecting personal data from plaintiffs and others. The Court found this argument lacking as "this assertion is again speculative." *Id*. Further, "allegations that

AddShoppers' consumer profiles may contain personal information are far too speculative to support standing." *Id*. (citing *Barclift v. Keystone Credit Services, LLC*, 93 F.4th 136, 147 (3d Cir. 2024)); *see also Farst v. Autozone, Inc*., 700 F. Supp. 3d 222, 232 (M.D. Pa. 2023) (finding allegations of speculative future harm "not creditable as a concrete injury in fact"). The Court held that "[w]ithout specific, plausible allegations that Defendants disclosed their personal or private information, such as, for example, their personal credit card, financial, bank account or medical information, Plaintiffs' asserted harm does not bare a 'close relationship' to the harms recognized in traditional intrusion on privacy and seclusion claims." *Id*. at *8.

The Court dismissed the plaintiffs' complaint for lack of standing but went on to analyze and decide the alternative bases for dismissal under Rules 12(b)(2) and 12(b)(6). *Id*.

***<u>Lack of personal jurisdiction</u>***

The Court also found that it did not have personal jurisdiction over two of the defendants. The Court relied on the recent Third Circuit opinion in *Hasson v. FullStory, Inc.*, 114 F.4th 181 (3d Cir. 2024), in finding that the defendants could not show that their activity was expressly aimed at tortious conduct in Pennsylvania, and they did not allege – nor could they allege – that the brunt of the harm would be in Pennsylvania. The Third Circuit "was not persuaded by the argument that the software company 'aimed its alleged wiretapping at Pennsylvania just because it knew' that its partners 'conducted business in the forum or made its website accessible there.'" *Id*. Moreover, the Third Circuit also "rejected the argument that the 'expressly aiming' requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id*. In other words, knowledge that the plaintiff is in Pennsylvania "alone is insufficient to satisfy the targeting prong of the effects test." *Id*. (quoting *Hasson*, 114 F.4th at 196). Further, "the Third

Circuit explained that a software company does not expressly target Pennsylvania 'simply by providing code for' a website that is accessible there." *Id.* (quoting *Hasson*, 114 F.4th at 195-96). "And even if Plaintiffs could allege they were in Pennsylvania when they received emails from AddShoppers, this alone is not sufficient to conclude AddShoppers expressly aimed its conduct at Pennsylvania." *Id.* at *11; *Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546, 557 (E.D. Pa. 2018) (concluding the defendant sending "promotional emails through its website to residents of this District" is not enough "to confer personal jurisdiction").

Plaintiffs' personal jurisdiction arguments also failed under the traditional test. The *Ingrao* Court found that the first prong of minimum contacts was dispositive because plaintiffs could not prove that AddShoppers "<u>purposefully</u> deployed [Session Replay Code] to intentionally target users" in the forum state or that the defendant "knew it was targeting" the plaintiff in the forum state "at the time of the alleged wiretapping." *Id.* (emphasis in original) (quoting *Hasson*, 114 F.4th at 191) (internal citations omitted). Nor did AddShoppers avail itself of the laws and benefits of doing business in Pennsylvania by "enter[ing] into agreements with numerous Pennsylvania companies ... to install its code on their websites" and "send[ing] thousands (if not millions) of targeted emails to Pennsylvania to exploit the Commonwealth's retail market." *Id.* The Court found these allegations insufficient to justify the exercise of jurisdiction over AddShoppers. *Id.* (citing *Mellon Bank (East) v. DiVeronica Bros., Inc.*, 983 F.2d 551, 557 (3d Cir. 1993) ("Contracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant.").

***<u>Failure to State a Claim under WESCA</u>***

Though plaintiffs' claims failed both for lack of standing (for all three defendants) and lack of personal jurisdiction (for two defendants), the *Ingrao* Court analyzed and decided the

alternative bases for dismissal for failure to state a claim under Rule 12(b)(6). The Court found that the claims must be dismissed under 12(b)(6) because no "contents of a communication" were allegedly intercepted. The *Ingrao* Court reasoned,

> Courts have interpreted "contents" as referring "to the intended message conveyed by the communication, [which] does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig*., 750 F.3d 1098, 1106 (9th Cir. 2014) (interpreting the Federal Wiretap Act). "Thus, determining whether a plaintiff has adequately pled a violation of the statute often comes down to deciding whether the acquired information can best be characterized as either 'record information' or 'the message conveyed by the communication.'" *Cook*, 689 F. Supp. 3d at 68-69. In Cook, the court considered whether the defendant's session replay code intercepted contents of the plaintiff's communications when the plaintiff alleged it intercepted her "mouse movements and clicks, keystrokes, and URLs of web pages visited." *Id*. at 70. The court held that "[n]one of this information constitutes 'contents' of 'communications.'" *Id*.

*Id*. at *13. Similar to this case, plaintiffs' allegations that the tracking technology had the *capability* of intercepting contents of communications were insufficient to state a claim. The plaintiffs failed to prove that contents of communication concerning that particular plaintiff *were, in fact,* intercepted. Indeed, the type of basic information alleged in this case does not constitute contents of a communication under WESCA or its federal counterpart. "Location identifiers, like URLs, 'have classically been associated with non-content means of establishing communication.'" *Id*. at *13 (citing *Cook*, 689 F. Supp. 3d at 71; *In re Google Inc. Cookie Placement Cons. Priv. Litig*., 806 F.3d 125, 136 (3d Cir. 2015).

Here, as in Ingrao, the information Plaintiff Heaven alleges that was intercepted is "not substantive information—instead, they are 'the cyber analog to record information [Prime] could have obtained through a security camera at a brick-and-mortar store.'" *Id*. at *14 (quoting *Cook*, 689 F. Supp. 3d at 70).

The same result is warranted here. Defendant Prime Hydration LLC respectfully requests the Court to consider the *Ingrao* decision, which is directly on point with the subject case, and dismiss Plaintiff Heaven's complaints for lack of standing, lack of personal jurisdiction, and failure to state a claim.

Respectfully submitted,

Dated: January 2, 2025

*/s/ Tara Hopper Rice*
Tara Hopper Rice
PA ID# 313724

**FROST BROWN TODD LLP**
Union Trust Building
501 Grant Street, Suite 800
Pittsburgh, Pennsylvania 15219
(412) 513-4300 (phone)
(412) 513-4299 (facsimile)
trice@fbtlaw.com

*Attorney for Defendant Prime Hydration LLC*

## CERTIFICATE OF SERVICE

I, TARA HOPPER RICE, ESQUIRE, certify that on this date, the foregoing Response in Opposition to Plaintiff's Motion for Leave has been filed electronically, and is available for viewing and downloading from the ECF System, has been served via the Court's electronic filing service on all counsel of record, and/or was also served via USPS on the following parties who have not consented to electronic service:

Mark C. Atlee, Esquire
ATLEE HALL, LLP
415 North Duke Street
Lancaster, PA 17602
Mcatlee@atleehall.com

Alec M. Lesile
Max S. Roberts
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
aleslie@bursor.com
mroberts@bursor.com

*Counsel for Plaintiff Shantay Heaven and the Proposed Class*

Dated: January 2, 2025

By: */s/ Tara Hopper Rice*
Tara Hopper Rice